HARRY STEVENS *vs.* CORNELIUS PIERPONT.

The respondent, under a contract with the petitioner, was to manufacture and sell certain patented hay cutters and no others.  Upon a bill in equity alleging that the respondent was making and selling cutters of a different kind in violation of his contract, the court below found that he had not violated his contract and dismissed the bill; the judge annexing to his general finding a special finding of the facts, from which it appeared that the machines made

and sold by the respondent differed only in unimportant particulars from those provided for in the contract, and in which it was found that they were substantially the same. Held that the conclusion of the court that the respondent had not violated his contract was to be regarded as a conclusion of fact, and that this conclusion could not be reviewed by this court.

The difference in the machines was wholly in the mode of adjustment for varying the length of the cuts; in one, certain cogs by sliding a crank being carried from one wheel to another; in the other a different wheel being substituted. Held that the difference did not, in law, make them different machines, and that the court below was justified in finding that they were substantially the same.

The question being merely as to the substantial identity of the machines, an enquiry as to which was the better one was not relevant.

BILL IN EQUITY for an account and an injunction; brought to the Superior Court in New Haven County, and tried before *Beardsley, J.* Bill dismissed, and motion in error by the petitioner. The points decided by the court will be sufficiently understood from the opinion without a statement of the facts, which would occupy much space.

*S. E. Baldwin,* for the petitioner.

*J. S. Beach,* for the respondent.

CARPENTER, J. The petitioner applied to a court of equity for relief from the consequences of an alleged violation, by the respondent, of a contract between the parties relating to the manufacture of hay, straw and feed cutters under certain letters patent issued to one J. D. Burdick. The Superior Court found that all the allegations of the petition alleging that the respondent had violated his contract were untrue.

Certain facts are then found specifically, in the language of the court below, "as in the nature of an additional finding and bill of exceptions." From these facts the petitioner now contends that the court drew an erroneous conclusion in finding that the respondent had not violated his contract.

If this conclusion is one of law it may properly be reviewed by this court; if it is one of fact it cannot be.

Whether certain facts do or do not constitute a breach of a contract may, in some circumstances, be a question of law;

VOL. XLII.—46

or at least, a mixed question of law and fact. And we have entertained some doubt whether the question in this case may not be of that character. But upon a careful examination of the case we are inclined to the opinion that it is substantially a question of fact, and that we ought not to disturb the judgment of the court below.

The contract between the parties obligated the respondent to manufacture cutters under the Burdick patent, to use his best exertions to supply the market demand therefor, to keep an accurate account of cutters sold or consigned for sale, and to pay to the petitioner a royalty, &c. The petitioner claims that the respondent is engaged in manufacturing cutters, not under the Burdick patent, but under a patent issued to one Hermon Baldwin. The real controversy between the parties is, whether the machine so made is the one provided for in the contract, or whether it is another machine of similar character and price.

The Baldwin patent differs from the Burdick patent in three particulars: 1st, In the method of maintaining the parallelism of the feed rolls; 2d, In the method of adjusting the pressure of the feed rolls; and 3d, In the method of adjusting for the different lengths of cut.

The first two, at the time the contract was entered into, and before, were used by the parties in manufacturing cutters under the Burdick patent; and the contract manifestly contemplated a continuance of such use, as the license therefor from Baldwin did not expire until June, 1874. They do not therefore materially affect the question before us.

The controversy relates chiefly to the method of adjusting for the different lengths of cut. In the Burdick patent that result is accomplished by simply sliding the crank so as to bring the cogs connected with it in connection with a different wheel. In the Baldwin patent it is accomplished by substituting one wheel for another. The principle, and the application of the principle, are the same in both machines—bringing the cogs on the crank in connection with a different wheel. The difference consists in the manner of making the change. We are inclined to think on the whole that this difference does

not, in law, make it another machine, and that the court below was justified in finding that it was substantially the same.

The respondent offered Mr. Baldwin as a witness, who testified that he had been the travelling salesman, first of Pierpont & Stevens, and then of the respondent; and that he had not, since June 15th, 1874, recommended either method of adjusting the length of cut as better than the other. On cross-examination he was asked—"Which, in your opinion, is the best machine, the Burdick or the Baldwin?" This question was objected to by the respondent's counsel as irrelevant, and excluded. The relative merits of the two methods of adjusting the machinery was not a material inquiry. It had no bearing upon the vital question, which was as to the substantial identity of the two machines.

Perhaps the court would have been justified in permitting the question to be answered as bearing upon the credibility of the witness; but it does not appear to have been offered for that purpose. As the case stands we cannot say that there was error in rejecting the evidence.

We find no error in the judgment.

In this opinion PARK, C. J., and PARDEE, J., concurred. FOSTER, J., dissented. PHELPS J., did not sit.